UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SAMUEL QUEEN,

    Petitioner,

v.

RICHARD IVES, Warden, FCI Sheridan,

    Respondent.

Case No. 3:15-cv-00916-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, an inmate at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), filed suit pursuant to 28 U.S.C. § 2241. He alleges violations of his due process rights arising from a disciplinary hearing that resulted in the loss of good time credits.

For the reasons set forth below, the petition is denied.

## BACKGROUND

On November 28, 2013, petitioner was charged with prison code violations of stealing, possession of unauthorized items, and being in an unauthorized area.[1] These charges arose after

---

[1] Petitioner initially filed suit in Arizona, where he was housed and where the alleged constitutional violations occurred. Petitioner was subsequently transferred to FCI Sheridan and

1   - OPINION AND ORDER

petitioner allegedly moved a microwave oven from the Navajo B housing unit to the Navajo A housing unit at FCI Phoenix; video surveillance showed petitioner carrying the microwave up the stairs in Navajo A, where he was housed. De Vore Decl. ¶ 5 (ECF No. 14-1). The same day, petitioner was also charged with possession of a weapon after Correctional Officer (CO) Boland found a utility razor in a radio case during an inventory of petitioner's property. *Id.* ¶ 6.

On December 10, 2013, petitioner appeared at a disciplinary hearing before Disciplinary Hearing Officer (DHO) De Vore. *Id.* ¶ 9 & Att. 2. Petitioner acknowledged that he had received copies of both incident reports and indicated that he understood his rights and was ready to proceed. *Id.* Att. 2 at 15, 21. Petitioner relied on his written statements in addition to making a statement at the hearing. *Id.*

With respect to the weapons charge, petitioner maintained that the utility blade and case were not found on his person, he had no notice utility blades were considered weapons, and staff provides utility blades to inmates to perform certain tasks. *Id.* Att. 2 at 19. Petitioner further argued that the radio case "was used to hold 'trinkets' in the supply closet." De Vore Decl. Att. 2 at 15. Petitioner had requested CO Boland's appearance at his hearing; however, CO Boland was no longer employed with the Bureau of Prisons and was unavailable. *Id.* Att. 2 at 16. Instead, DHO De Vore relied on CO Boland's statements in the incident report and found that it adequately represented CO Boland's knowledge of the incident. *Id.* Further, petitioner waived calling witnesses at the hearing. *Id.*

---

his case was transferred to this Court. Petitioner was granted leave to amend his petition; when petitioner failed to do so, I dismissed the case and entered judgment. Petitioner sought reconsideration, and I denied reconsideration with leave to renew once he filed an amended petition. Petitioner did not do so and instead filed a Notice of Appeal. The Ninth Circuit dismissed his appeal and remanded the case on grounds that it lacked jurisdiction. Petitioner moved to reopen the case and submitted an amended petition and supporting memorandum, and I granted the motion to reopen.

2 - OPINION AND ORDER

With respect to the theft charges, petitioner stated that inmates asked him to bring the microwave oven to other inmates in Navajo A who could fix it. De Vore Decl. Att. 2 at 25. He conceded that he possessed the microwave and carried it up the stairs in Navajo A, but he denied removing the microwave from Navajo B. *Id.* Att. 2 at 21, 25. Petitioner also admitted that he should have asked an officer for permission before taking possession of the microwave. *Id.*

DHO De Vore found that petitioner had committed the prohibited acts of Possession of a Hazardous Tool and Possession of Stolen Property. *Id.* ¶ 10, 12. DHO De Vore found that petitioner provided no evidence that he was given the blade by staff or was allowed to keep utility blades in his possession without staff supervision. *Id.* ¶ 10. DHO De Vore also noted that Program Statement 5270.09, Inmate Discipline Program, describes and defines prohibited objects, including "a sharpened instrument," a "knife," and objects likely "to serve as weapons capable of doing serious bodily harm to others." De Vore Decl. ¶ 10. DHO De Vore further found that petitioner admitted to possessing the microwave without staff permission. *Id.* ¶ 12. Petitioner was sanctioned to a loss of 41 days Good Conduct Time and two months of telephone privileges on the hazardous tool charge and a loss of 27 days Good Conduct Time and two months of commissary privileges on the stolen property charge. *Id.* Att. 2 at 17, 23.

## DISCUSSION

Petitioner alleges that the disciplinary proceeding violated his rights to due process because he was not provided with adequate notice of the charges against him and was denied the opportunity to call witnesses on his behalf. Respondent maintains that the proceeding complied with relevant due process requirements.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418

U.S. 539, 556 (1974). Instead, due process requirements are met if the inmate receives: 1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges and a description of the evidence against the prisoner; 2) an opportunity to present documentary evidence and call witnesses; 3) legal assistance where the charges are complex or the inmate is illiterate; and 4) a written statement by the factfinders detailing the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-70; *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.").

Petitioner first argues that he did not receive adequate notice of the charges against him, because DHO De Vore found that he had committed violations different from those charged in the incident reports. Pet'r Mem. at 5 (ECF No. 41). In *Wolff*, the Supreme Court explained, "Part of the function of notice [of the claimed violation] is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are." *Wolff*, 418 U.S. at 564. Here, the incident reports "described the factual situation that was the basis for the finding of guilt of possession of contraband and alerted [petitioner] that he would be charged with possessing something he did not own" and with a prohibited object. *Bostic v. Carlson*, 884 F.2d 1267, 1270-71 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). In other words, the incident reports provided petitioner with adequate notice of the facts underlying the charges against him and allowed him to prepare a defense.

Moreover, a DHO may find that an inmate "committed the prohibited act(s) charged and/or a similar prohibited act(s) as described in the incident report." 28 C.F.R. § 541.8(a)(1). The regulation does not require "advance notice" in order to find that an inmate committed "prohibited acts" similar to those charged in an incident report. Finally, the violations petitioner

committed were of the same or lesser severity than the charges in the incident reports. De Vore Decl. ¶ 13. Thus, petitioner was not subjected to greater sanctions than the charges for which he originally received notice.

Petitioner also contends that he "was not given his right to call and replace unavailable witnesses to the amended charge." Pet'r Mem. at 6. However, petitioner identified only one potential witness, CO Boland, who was no longer employed by the Bureau of Prisons and was unavailable for the hearing. Thus, DHO De Vore did not deny petitioner the right to call witnesses, and petitioner waived his right to call witnesses in any event. De Vore Decl. ¶ 9. Regardless, DHO De Vore considered the incident report prepared by CO Boland and the chain of custody executed by CO Boland in lieu of his testimony. *Id.* at ¶¶ 9-10.

Finally, petitioner alleges bias on the part of the DHO, based on his finding that petitioner committed less serious violations than those charged in the incident report. Pet'r Mem. at 7. I find no bias on this or any other ground.

## CONCLUSION

Petitioner's amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 41) is DENIED and petitioner's Motions for Counsel for other matters and for Judgment on the Proceedings (ECF Nos. 47, 48) are DENIED as moot. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

DATED this 16 day of May, 2018.

_____
Ann Aiken
United States District Judge